ALMON, Justice.
Leonard J. Clanton appeals a partial summary judgment[1] entered in favor of Central Bank of the South in his action alleging misrepresentation, suppression of material facts, and conversion. The allegations of wrongdoing pertain to a loan that Central Bank terminated because of Clanton’s failure to execute a renewal agreement for the matured note.
The evidence, viewed in the light most favorable to Clanton, suggests the following facts: On July 3, 1989, Clanton obtained a loan from Central Bank. The loan was secured by three certificates of deposit (“CDs”). Clanton says he was told by Central Bank loan officer John Sonmor that the interest rate on the loan would be two percent more than the interest rate that his CDs yielded. However, the original loan documents that Clanton signed stated that two of the CDs bore 8.5% interest and that the third bore 8.25%, while the promissory note stated that the loan was made at 10.5% interest. Clanton was informed that to keep the loan in force he would be required to periodically execute loan modification agreements. The original loan was renewed through modification agreements on November 1, 1989, January 23, 1990, and April 4, 1990. The April 4, 1990, modification stated:
“This Agreement is by and between Central Bank of the South (‘Bank’) and Leonard J. Clanton (‘Borrower’).
“WHEREAS, Borrower is indebted to Bank on a loan (‘Loan’), as evidenced by a Promissory Note dated July 3, 1989 (‘Note’); and Loan modification agreement dated 11/01/89; and Loan modification agreement dated 1/23/90; and
“WHEREAS, Borrower and Bank desire to modify the terms of said Loan as set forth herein.
“NOW, THEREFORE, for and in consideration of the premises, Borrower and Bank agree that the terms of the Loan are modified as follows:
“Extend maturity date to October 11,1990. (183 days) Principal and interest payments *224 totalling $900.00 (1st to interest then remaining to principal) commencing May 1, 1990).”
The loan was not paid on October 11,1990. On November 9, Clanton made an installment payment of $900. On November 21, Central Bank sent Clanton a letter requesting that he execute a loan modification agreement. The modification agreement was enclosed with the letter and would have extended the loan until January 11, 1991. Clanton admits receiving the request. Clanton also admits that he did not execute the loan modification agreement.
On November 29, 1990, Central Bank redeemed the three CDs it was holding as collateral for the loan. From this redemption there resulted a surplus of $5,828.82. Central Bank placed the surplus proceeds in a CD at 7.25% interest, in Clanton’s name. On December 18,1990, Clanton came to Central Bank and negotiated another loan transaction that basically reversed the Bank’s redemption of November 29. On December 18, Clanton signed a new promissory note, a new pledge agreement, and three applications for CDs. Clanton asserts that he did not know that his original loan had been terminated, that his original CDs had been redeemed, or that he had a $5,828.82 CD in his name at the Bank as a result of the surplus from the redemption of the original CDs. Clanton claims that he believed he was merely “straightening out” the interest payments on the original CDs and that he did not become aware of the fact that the original loan had been terminated as a result of his failure to execute the renewal agreement for the matured note, until more than a year later. Clanton claims all of this despite the fact that he signed the new promissory note, the new pledge agreement, and three applications for CDs.
We have reviewed the record and we find no substantial evidence of wrongdoing on the part of Central Bank in its handling of this transaction. The loan was in default on October 11, 1990, and Clanton did not execute the loan modification agreement. In the December 18 transaction, Clanton executed documents to reverse Central Bank’s action in terminating the loan and redeeming the collateral. In response to Central Bank’s properly supported motion for summary judgment, Clanton presented no substantial evidence to support his claims that are now before this Court. Accordingly, the court properly entered the partial summary judgment in favor of Central Bank. It is due to be affirmed.
AFFIRMED.
SHORES, INGRAM, COOK, and BUTTS, JJ., concur.

. The circuit court denied Central Bank’s motion for summary judgment as to Clanton's count alleging conversion of $15,000 in cash that Clan-ton asserts he took into the bank in a bag. The circuit court held that Clanton had shown a genuine issue of material fact as to that count.